## A99A2254. WILSON v. STATE OF GEORGIA.
### (525 SE2d 708)

BLACKBURN, Presiding Judge.

Floyd Wilson appeals the trial court's order granting summary judgment to the State in this drug forfeiture action brought pursuant to OCGA § 16-13-49. Wilson contends that the trial court erred in

---

failing to hold a hearing as required by OCGA § 16-13-49 (o) (5) and that the evidence was insufficient to support any forfeiture because it did not establish possession of more than one gram of cocaine as required by OCGA § 16-13-49 (e). Because Wilson failed to file an answer to the State's in rem complaint for forfeiture, his contentions are without merit, and we affirm.

An interest holder in property that is the subject of the forfeiture action may file an answer to the State's complaint within 30 days after service of the summons and complaint. See OCGA § 16-13-49 (o) (3). If no answer is made within that time frame, the trial court is required to order the disposition of the property. See OCGA § 16-13-49 (o) (4) ("[i]f . . . no answer has been filed, the court shall order the disposition of the seized property as provided for in this Code section"). Contrary to Wilson's contention, a hearing is required only when an answer is filed. OCGA § 16-13-49 (o) (5).

A forfeiture action is a civil action, and the State's burden of proof is not that required in a criminal trial. The Code section governing forfeiture provides that, unless rebutted, the forfeiture of property is presumed to be appropriate where the State establishes probable cause that:

> (A) The person has engaged in conduct giving rise to forfeiture; (B) The property was acquired by the person during the period of the conduct giving rise to forfeiture or within a reasonable time after the period; and (C) There was no likely source for the property other than the conduct giving rise to the forfeiture.

OCGA § 16-13-49 (s) (3). The evidence presented by the State established probable cause that Wilson possessed cocaine with the intent to distribute. Therefore, it was unnecessary for the State to establish possession of more than one gram of cocaine merely because he had pled guilty to possession of cocaine rather than possession with intent to distribute. See OCGA § 16-13-49 (e) (property subject to forfeiture if "used to facilitate a transaction in or a purchase of or sale of a controlled substance").

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED OCTOBER 12, 1999 —
RECONSIDERATION DENIED NOVEMBER 1, 1999.

Floyd Wilson, *pro se.*

*J. David Miller, District Attorney, Mark E. Mitchell, Assistant District Attorney*, for appellee.